U.S. Equities Corp. v Ridwan (2021 NY Slip Op 50449(U))

[*1]

U.S. Equities Corp. v Ridwan

2021 NY Slip Op 50449(U) [71 Misc 3d 138(A)]

Decided on May 14, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on May 14, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, DAVID ELLIOT, JJ

2019-1211 Q C

U.S. Equities Corp., Appellant,
against
Iwan Ridwan and Latifah Ila, Respondents. Donovan Ridwan,
Nonparty-Respondent. 

Linda Strumpf, for appellant.
Iwan Ridwan and Latifah Ila, respondent pro se (no brief filed).
Donovan Ridwan, nonparty-respondent pro se (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Queens County (Tracy
Catapano-Fox, J.), entered April 26, 2019. The order granted a motion by Donovan Ridwan to
vacate an income execution as against him by vacating a default judgment against defendants
Iwan Ridwan and Latifah Ila.

ORDERED that the order is reversed, without costs, the default judgment is reinstated, and
the matter is remitted to the Civil Court for a new determination, following a hearing, of
Donovan Ridwan's motion to vacate the income execution.
In an action to recover for breach of a credit card agreement, a default judgment was entered
on March 31, 2005 against defendants Iwan Ridwan and Latifah Ila in the principal sum of
$4,392.86. In December 2018, plaintiff obtained an income execution and notice of levy against
"Iwan Ridwan." On February 22, 2019, Donovan Ridwan moved by order to show cause to
vacate the income execution as against him. In support of the motion, Donovan Ridwan alleged
that he is not the individual named in the action, that he never used the name "Iwan Ridwan," and
that he was the victim of identity theft. In response, plaintiff's counsel alleged that Iwan Ridwan
and Donovan Ridwan are the same person and that the Social Security number and date of birth
are the same for both Iwan Ridwan and Donovan Ridwan. In reply, Donovan Ridwan alleged,
among other things, that plaintiff's proof indicates dates of birth of "/70," "12/1970" and "1971."
However, his date of birth, as reflected on his New York State driver's [*2]license, is December 10, 1967. The Civil Court characterized the
motion as seeking "to vacate the default judgment," determined that Donovan Ridwan presented
a reasonable excuse for his default and a meritorious defense to the action, and granted his
motion to "vacate the default judgment." On appeal, plaintiff reiterates the arguments made in the
Civil Court and states that, in any event, the court improperly vacated the default judgment.
The default judgment entered against defendants Iwan Ridwan and Latifah Ila should not
have been vacated based upon the allegations made by Donovan Ridwan, who is claiming that he
is not the individual named in this action. Consequently, we find that the Civil Court improperly
vacated the default judgment and we reinstate it.
CPLR 5240 permits a court at any time, on its own initiative or on a motion of any interested
person, to issue an order denying, limiting, conditioning, regulating, extending or modifying the
use of any enforcement procedure (see
Distressed Holdings, LLC v Ehrler, 113 AD3d 111, 120 [2013]; U.S. Equities Corp. v Rivera, 60 Misc
3d 131[A], 2018 NY Slip Op 50996[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists
2018]). The Civil Court did not decide whether the income execution, issued pursuant to the
default judgment entered against defendants Iwan Ridwan and Latifah Ila should be vacated
based on Donovan Ridwan's claim of identity theft. Given that the motion papers raise a question
of fact with respect to that issue, the matter must be remitted to the Civil Court for a new
determination, following a hearing, of Donovan Ridwan's motion.
Accordingly, the order is reversed, the default judgment is reinstated and the matter is
remitted to the Civil Court for a new determination, following a hearing, of Donovan Ridwan's
motion to vacate the income execution.
ALIOTTA, P.J., WESTON and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 14, 2021